UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-60380-Cr-ALTMAN/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DEKITA BELLAMY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 41) from United States District Judge Roy K. Altman, for the purpose of conducting a proceeding for acceptance of guilty pleas by Defendant Dekita Bellamy in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on June 26, 2020, recommends to the District Court as follows:

1. On June 26, 2020, the undersigned held a hearing via video conference (Zoom) to permit Defendant, Dekita Bellamy, to enter a change of plea. At the outset of the hearing, the undersigned advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. Defendant was advised that she did not have to permit the undersigned

United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing. A signed, written waiver/consent was provided. ECF No. 44.

3. Defendant also consented to holding the hearing by video conference. A written waiver/consent on this issue was also provided. ECF No. 45. Both parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter. Further, a prompt resolution of this matter will aid the government in preparation for trial involving coconspirators and in additional related investigations. Pursuant to S.D. Fla. Administrative Order 2020-40, the undersigned finds that Defendant's guilty pleas could not be further delayed without serious harm to the interests of justice.

4. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

5. The Parties have entered into a written Plea Agreement. ECF No. 46. The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that she signed and understood the Plea Agreement. The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there is a mandatory consecutive two-year sentence as to Count 3) and

statutory enhancements (there are none).  Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.  Defendant acknowledged that she understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture and special assessments) that could be imposed in this case.

6. Defendant pleaded guilty to Counts 1 and 3 of the Indictment, which charge her with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Defendant also consented to the forfeiture count in the Indictment and agreed to assist the Government in recovery of assets to satisfy her forfeiture obligations.  The remaining counts pertaining to Defendant will be dismissed after sentencing.

7. The Plea Agreement contains a waiver of appeal, which the undersigned discussed with Defendant on the record.  Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, she was waiving or giving up all rights to appeal her convictions and any sentence imposed by the District Court in this case, including forfeiture and restitution, except under the limited circumstances set forth in the appeal waiver provision in the Plea Agreement.  The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

8. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 47), which includes all the essential elements of the crimes to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none).  Defendant acknowledged

on the record that she had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offenses to which she is pleading guilty.

9. The undersigned advised Defendant about the possible immigration and other collateral consequences of her guilty pleas.

10. Defendant expressed satisfaction with her counsel's representation.

11. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Dekita Bellamy, be found to have freely and voluntarily entered her guilty pleas to Counts 1 and 3 of the Indictment as more particularly described herein and that she be adjudged guilty of these offenses.

12. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office. **Sentencing has been set for September 25, 2020, at 3:00 p.m. in Fort Lauderdale Courtroom 207A before the Honorable Roy K. Altman, United States District Judge.** The Parties were advised of this date and time. Defendant's consent to proceed by video conference (ECF No. 45) applies to the change of plea hearing only and does not waive her right to be present in court at sentencing.

Accordingly, the undersigned RECOMMENDS that Dekita Bellamy's pleas of guilty be accepted, that Defendant be adjudged guilty of the offenses to which she has entered her pleas of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any,

with the Honorable Roy K. Altman, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 26th day of June, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record